UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case Nos. **CV 16-6311-MWF**       Date:  October 7, 2016
         **CR 11-859-MWF**
Title:   Kenneth Lamar Spratt -v- United States of America

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Relief Deputy Clerk: | Court Reporter: |
|---|---|
| Cheryl Wynn | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER DIRECTING PETITIONER SPRATT TO SHOW CAUSE WHY THE CASE SHOULD NOT BE DISMISSED

Before the Court is the government's Motion to Dismiss and Motion for Order to Show Cause (the "Motion to Dismiss") (Docket No. 8), filed in response to Petitioner Kenneth Spratt filed a Motion to Vacate, Set Aside, and Correct Sentence ("Section 2255 Motion"), requesting relief under 28 U.S.C. § 2255.  (Docket No. 1).

The Section 2255 Motion was received by the Clerk on August 22, 2016. (Docket No. 1).  Upon receipt of the Section 2255 Motion, the Court set a briefing schedule, requiring the government to submit its Opposition no later than September 16, 2016, and Petitioner to file his Reply brief no later than October 14, 2016.  (Docket No. 3).  Per the government's request, the Court subsequently granted an extension. (Docket No. 7).  The government's Opposition would be due October 28, 2016, and Petitioner's Reply would be due November 21, 2016.  (*Id.*).

On September 19, 2016, the government filed its Motion to Dismiss.  (Docket No. 8).  The government contends that the Section 2255 Motion is untimely on its face. (*Id.* at 1).  Petitioner's judgment of conviction became final on August 17, 2015; 90 days after the Ninth Circuit issued its memorandum disposition dismissing Petitioner's direct appeal.  *See Clay v. United States*, 537 U.S. 522, 532 (2003) (holding a conviction becomes final when the time for filing a petition for a writ of certiorari expires); S. Ct. R. 13 (stating petition for a writ of certiorari must be filed within 90

---
**CIVIL MINUTES—GENERAL**                                                                 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case Nos. **CV 16-6311-MWF**            Date: October 7, 2016
         **CR 11-859-MWF**
Title:     Kenneth Lamar Spratt -v- United States of America

days of the entry of judgment); *United States v. Garcia*, 210 F.3d 1058, 1060 (9th Cir. 2000) (holding, prior to *Clay*, that "the one-year limitations period for a federal prisoner who does not file a petition for a writ of certiorari begins to run when the time for filing the petition expires."). Therefore, for Petitioner's application to be timely, it must have been filed by August 17, 2016.

Apparently, one version of the Section 2255 Motion was signed and postmarked August 17, 2016. (Mot. to Dismiss at 2 n.1). This version was never sent to the Court, however. A slightly different version — the version the Court received — was signed and postmarked August 18, 2016. (Docket No. 1 at 39, 41).

"A pro se prisoner's notice of appeal from the denial of a federal habeas petition is filed 'at the time . . . [it is] delivered . . . to the prison authorities for forwarding to the court clerk.'" *Hernandez v. Spearman*, 764 F.3d 1071, 1074 (9th Cir. 2014) (quoting *Houston v. Lack*, 487 U.S. 266, 276 (1988)). This is known as the prison mailbox rule. *See id.* If Petitioner were incarcerated at the time he filed his Section 2255 Motion, the prison mailbox rule would apply. *See* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 3(d).

However, the government contends that the mailbox rule does not apply to Petitioner because he was not incarcerated at the time he mailed his habeas petition. (Mot. to Dismiss at 4–5). Rather, Petitioner had been transferred to a halfway house on May 18, 2016 and released to home confinement on June 28, 2016. (Declaration of Sarah Quist ("Quist Decl.") ¶ 3, Ex. A at 1). Because Petitioner was not incarcerated in a prison facility, the government argues that he did not face the same barriers as incarcerated prisoners: he "had the ability to 'place the notice directly into the hands of the United States Postal Service (or a private express carrier) . . . [and] follow its progress by calling the court to determine whether the notice has been received and stamped, knowing that if the mail goes awry they can personally deliver notice at the last moment or that their monitoring will provide them with evidence to demonstrate either excusable neglect or that the notice was not stamped on the date the court received it.'" (Mot. to Dismiss at 4–5 (quoting *Lack*, 487 U.S. at 270–71).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case Nos. **CV 16-6311-MWF**  Date:  October 7, 2016
           **CR 11-859-MWF**
Title:     Kenneth Lamar Spratt -v- United States of America

     The justification for the prison mailbox rule arguably applies in this case. Unrepresented prisoners "cannot take the steps other litigants can take to monitor the processing of their notices of appeal . . . before the . . . deadline." *Houston*, 487 U.S. at 270–71.  "Unlike represented litigants and litigants who are not incarcerated, pro se prisoners have no control of their court filings after delivery to prison authorities: 'No matter how far in advance the *pro se* prisoner delivers his notice to the prison authorities, he can never be *sure* that it will ultimately get stamped filed on time.'" *Hernandez*, 764 F.3d at 1074 (emphasis in original) (quoting *Houston*, 487 U.S. at 271).  Although an individual held under home confinement can be sure that the postal service has no incentive to delay, *cf. Houston*, 487 U.S. at 271, that same individual cannot physically place his or her 2255 Motion in the Clerk of Court's hands, as can a typical civil litigant, *see id.* at 271.  "Other litigants may choose to entrust their appeals to the vagaries of the mail and the clerk's process for stamping incoming papers, but only the *pro se* prisoner" — including a prisoner held in his or her own home — "is forced to do so by his situation."  *Houston*, 487 U.S. at 271.

     Nevertheless, the Court need not decide whether the mailbox rule applies to Petitioner because the Section 2255 Motion received by the Court was postmarked and dated August 18, 2016, and was therefore untimely in any case.  Accordingly, Petitioner is **ORDERED** to show cause why his Section 2255 Motion should not be dismissed as untimely.

     "A § 2255 movant is entitled to equitable tolling 'only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'"  *United States v. Buckles*, 647 F.3d 883, 889 (9th Cir. 2011) (quoting *Holland v. Florida*, 560 U.S. 631, 648 (2010)). Additionally, "[t]he movant must show that the extraordinary circumstances 'were the cause of his untimeliness.'"  *Id.* (quoting *Bryant v. Ariz. Att'y Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007)).  In other words, to avoid dismissal, Petitioner must (1) *describe* for the Court how he pursued his rights diligently; (2) *explain* to the Court why he sent

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case Nos.**CV 16-6311-MWF**                              Date:  October 7, 2016
         **CR 11-859-MWF**
Title:     Kenneth Lamar Spratt -*v*- United States of America

his Motion out late and why that reason was an **extraordinary circumstance**; and (3) make sure it is clear how the extraordinary reason *caused* the delay.

     Petitioner's Response shall be due **November 7, 2016.**  To be clear, the response must be received by the Court on that date, not simply postmarked by that date.  The Court will then consider the Motion and Response on the papers and issue a decision in due course.

     IT IS SO ORDERED.